IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.

LAURINA LEATO,

    Plaintiff,

v.

UNIFUND CCR PARTNERS, G.P. and
PILOT RECEIVABLES MANAGEMENT,
LLC,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**PARTIES**

4.    Plaintiff, Laurina Leato ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of Cook, and City of Midlothian.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Unifund CCR Partners, G.P. ("Unifund"), is a general partnership who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Unifund is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Pilot Receivables Management, LLC ("Pilot"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Pilot is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Unifund.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Unifund, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Citibank, N.A. personal credit card used for consumer purchases such as gasoline and groceries.

12. Unifund uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Pilot purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Pilot acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. Pilot is thoroughly enmeshed in the debt collection business, and Pilot is a significant participant in Unifund's debt collection process.

16. In connection with the collection of an alleged debt in default, Unifund, itself and on behalf of Pilot, sent Plaintiff initial written communication dated July 13, 2012, regarding Citibank, N.A. account number ending in 9339 ("Account 9339"), and in such communication, provided the disclosures required by 15 U.S.C. § 1692g. (See July 13, 2012 Correspondence, attached as Exhibit A).

17. Unifund's July 13, 2012 initial communication provided a balance of $12,346.52 for Account 9339.

18. Unifund's July 13, 2012 initial communication failed to inform Plaintiff that Account 9339 would accrue interest.

19. Plaintiff did not receive Unifund's July 13, 2012 until several days after the date of the letter.

20. Plaintiff sent Unifund written communication dated August 12, 2012, and in such communication, disputed the alleged debt and requested verification.

21. Upon information and good-faith belief, Unifund received Plaintiff's dispute in or about August 17, 2012.

22. Plaintiff never received verification of the alleged debt from Unifund or Pilot.

23. In connection with the collection of Account 9339, Unifund, itself and on behalf of Pilot, sent Plaintiff written communication dated August 15, 2012, and in such communication, stated in relevant part:

> This account was opened in 10/22/2007 and has been accruing interest since it was charged off on 08/24/2010. This account has an original balance of $8,017.71, and its current balance is $12,650.37.

(See August 15, 2012 Correspondence, attached as Exhibit B).

24. Unifund's August 15, 2012 communication again provided the disclosures required by 15 U.S.C. § 1692g.

25. Unifund's August 15, 2012 communication indicates that interest, other fees, or charges had accrued, evidenced by the increase in the amount due from "$12,346.52" to $12,650.37."

26. Therefore, Unifund's July 13, 2012 initial communication is misleading to the "least sophisticated consumer" who could readily conclude that the total account balance stated as due was due *at any time,* when in fact it was not, and was subject to adjustment on a periodic basis.

27. Unifund's omission of material information in its July 13, 2012 communication would deceive or mislead the least sophisticated consumer as to the character and amount of the alleged debt.

28. Unifund's July 13, 2012 initial written communication failed to clearly and effectively state the amount of the debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

29. Additionally, by again including the notices required by 15 U.S.C. § 1692g(a), Unifund's August 15, 2012 communication made representations to Plaintiff during the 30-day dispute period that were inconsistent with the disclosures required by 15 U.S.C. § 1692g(a) and falsely represented that Plaintiff had additional time to exercise the rights provided by 15 U.S.C. § 1692g(a).

30. In connection with the collection of Account 9339, Unifund, itself and on behalf of Pilot, sent Plaintiff written communication dated August 29, 2012, which was an identical communication to its August 15, 2012 communication. (See August 29, 2012 Correspondence, attached as Exhibit C).

31. By again including the notices required by 15 U.S.C. § 1692g(a), Unifund's October 29, 2012 communication falsely represented that Plaintiff had additional time to exercise the rights provided by 15 U.S.C. § 1692g(a).

32. In connection with the collection of Account 9339, Unifund, itself and on behalf of Pilot, sent Plaintiff written communication dated September 6, 2012, and in such communication, stated in relevant part:

> Unifund CCR Partners has received your communication regarding your account dispute. This dispute is substantially the same as a dispute previously submitted by or on your behalf and Unifund CCR Partners has already responded to the dispute. As such, Unifund CCR Partners will not further investigate this dispute.

(See September 6, 2012 Correspondence, attached as Exhibit D).

33. Upon information and good-faith belief, Unifund has not responded to Plaintiff's dispute, thus falsely representing in its September 6, 2012 communication that it had previously responded.

34. Further, by continuing to contact Plaintiff without having first provided verification of the alleged debt, after having received a written communication from Plaintiff disputing the debt, Unifund violated 15 U.S.C. § 1692g(b).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## UNIFUND

35. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

36. Unifund violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Unifund violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## PILOT

37. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

38. Unifund violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when failing to state that the alleged debt was continuing to accrue interest.

39. Pilot, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Unifund, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Pilot violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(10)
### UNIFUND

40.   Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

41.   Unifund violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Unifund violated 15 U.S.C. § 1692e(10);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(10)
### PILOT

42.   Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

43. Unifund violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt.

44. Pilot, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Unifund, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Pilot violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692g(a)(1)
### UNIFUND

45. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

46. Unifund violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its July 13, 2012 initial correspondence or within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Unifund violated 15 U.S.C. § 1692g(a)(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## PILOT

47. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

48. Unifund violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its July 13, 2012 initial correspondence or within five (5) days thereafter.

49. Pilot, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Unifund, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Pilot violated 15 U.S.C. § 1692g(a)(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(b)
## UNIFUND

50. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

51. Unifund violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

52. Unifund violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a) *et seq*.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Unifund violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692g(b)
## PILOT

53. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 34.

54. Unifund violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

55. Unifund violated 15 U.S.C. § 1692g(b) by making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a) *et seq*.

56. Pilot, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Unifund, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Pilot violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

57. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 4th day of December, 2012.

        Respectfully submitted,
        **LAURINA LEATO**

        By:/s/Alex D. Weisberg
        ALEX D. WEISBERG
        FBN: 0566551
        IL Bar# 6271510
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFFS
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com